The next case for argument this morning is Appeal No. 23-3285, Ray v. Tabriz, the appeal of Blue Cross and Blue Shield Association. Good morning. Good morning, Your Honors. May it please the Court, Adam Feinberg on behalf of the appellant, Blue Cross and Blue Shield Association, which I'll probably refer to as Blue Cross. This appeal involves two main removal jurisdiction issues where the removing party, Blue Cross, removed on two separate grounds. One, under the Federal Officer Removal Statute, 28 U.S.C. 1442, and second, under the normal removal statute, Section 1441, on the basis of federal question jurisdiction. Mr. Feinberg, it seems odd that the District Court, who is extremely thorough, didn't address the Federal Officer Removal Statute. Do you have any insight into why? I do not, Your Honor, but I think that is one of the key issues here. It is a mystery to us. There's really no reason why the District Court shouldn't have at least considered why the motion for adjudication shouldn't have stayed in the federal court. And I'll get to this later, but this has come up before where it's not clear, or maybe even a party removes the entire case mistakenly, improperly, under the Federal Officer Removal Statute, and the courts generally will keep the Federal Officer Removal portion, or quote, proceeding, under the language of 1442d1, and remand the rest of the case. Has any circuit held you cannot do that? No, Your Honor, and in fact, the Ninth Circuit, in the Goncalves case, which we cite repeatedly, this exact scenario came up. So the removal notice removed the entire action, and this was a sole removal, or the sole basis of removal was Federal Officer Removal. The removal notice said remove this action, not the lien proceedings, also a medical malpractice dispute with ongoing proceedings in the state court because the plaintiff in the medical malpractice action was a minor, and the court needed to go through a whole fairness, essentially a probate proceeding under California law, in order to approve the settlement. That hadn't happened yet. Blue Cross, a different Blue Cross entity, but under the same exact plan, removed the action. That's what the removal notice says, and the Ninth Circuit in Goncalves repeatedly mentions that, the action. And Goncalves says, well, the action's not removable, and the Ninth Circuit addresses that point at page 1249 of its decision, and says, maybe Goncalves is right, that the entire action isn't removable, although, interestingly, it does leave open the possibility that the entire action was removable, even under the Federal Officer Removal statute. But in footnote three, the court says, it just doesn't matter, because it's plain that Blue Cross was removing on the basis of the lien proceeding, and it addressed whether or not that part of the case was properly removed, and held, of course, that it was. Do you concede here that if the Federal Officer Removal statute allows for removal of the motion for adjudication, that the medical malpractice part gets remanded? Under the Federal Officer Removal statute only? Yes. Absolutely. And, to be honest, Blue Cross has no interest, one way or another, where that part of the case ends up. That's not our concern at all. And I'll come to the Federal question. Why isn't this an NREM proceeding? Why is this not an NREM proceeding that should go back to the state court? Which piece are you talking about? Well, the adjudication. The adjudication is really the only thing that's at issue, right? Well, let me back up a second. In order for, I assume you're talking about the prior exclusive jurisdiction doctrine? Yes. So, in order for that doctrine to apply, several things have to be the case. There have to be two simultaneous NREM proceedings. So, the first question is, is the piece that would be left in the state court an NREM proceeding? But then we also have to look at the piece that would be in federal court and say, is that an NREM proceeding? That's my question. Why isn't it? If both of those? Right. No, no, no. The federal court. The piece that would be left in federal court. Why is that not just an NREM proceeding? Because the adjudication of the lien proceeding isn't, nobody's brought an NREM type proceeding to say to the district court, district court, I want you to seize these funds and order who should possess them. But isn't that the effect of your argument in the district court? It has nothing to do with seizure, right? It's not an enforcement action. I know that. It's a declaratory action. But doesn't it have the same effect? Well, this is exactly the issue that the Goncalves Court addressed. The majority. The majority. Correct. Yes. The answer to that is no, because if Blue Cross brought an action to enforce its lien, that might be an NREM proceeding. Do we have to consider Illinois law, though? Which again, the Goncalves case was not looking at Illinois law. Do we have to consider Illinois law in determining whether or not it's an NREM versus a personum matter? On the piece that would be in federal court, no. I think that's a question of federal law. The piece that would remain in state. Federal common law? What federal law would we use to determine whether it's an NREM proceeding in federal court? Well, I think you would look at the federal common law as to what qualifies as an NREM proceeding. But there's a whole separate question here, and that is, is the piece that is in the state court, that would stay in the state court, is that also an NREM proceeding? So I take it your point is that even if the motion for adjudication is an NREM proceeding, that's not sufficient to preclude the case from staying here. It has to be both pieces. Exactly. And not only both pieces. And what are you relying on for that? So the piece that would stay in the state, there are actually two separate reasons why there's no, the state court piece doesn't cause a prior case. Why does it have to be both is the question. Not why isn't the Med-Mal an NREM, but why does it have to be both pieces in order to keep one piece here? Why do both proceedings need to be in REM in order to keep one here? I see. So that's just the basic law of the prior exclusive jurisdiction doctrine. So if you look at this court's decision in, I think it's Black Hawk Heating and Plumbing, it specifically talks about what the standard is and says two courts, one state and one federal. So the doctrine prohibits two states, two courts, one state and one federal, from exercising power over the same piece of property and ordering its final distribution. Or this court in Hammer talked about the two suits, both of which are NREM or quasi NREM, and require the court to have possession or control of the same property, cannot proceed at the same time. That's what this court said in the Hammer decision. So the state court, the piece that we would say would belong in the state court under the Federal Office of Removal statute, first of all, that whole proceeding was over before we, Blue Cross, removed the case. The allocation of the settlement was made and completed, and in fact the state court judge certified it as final and appealable before Blue Cross removed the action. And in addition to that, the proceeding itself, even if it was ongoing, is not in REM. The money belongs to the raise, other than Blue Cross's claim and the lawyer's claim. The person who opposed the state court motion was the non-settling defendant, Dr. Tabreez. He had no claim in this money. The court wasn't deciding who actually gets to keep the money. The court was just making a legal determination for purposes of the joint tort-feasor offset that applies under Illinois law. It's just deemed to be, okay, well, $1 million of the settlement goes to the injury claims, a quarter of a million dollars goes to the husband's loss of consortium claims, because if there's a judgment against Dr. Tabreez, the state court will need to know that in order to compute the offset. But the court wasn't actually taking the money and saying who should actually keep the money. So that part is definitely not an interim proceeding, and as I said, even if it was, it was over. And I want to just raise one other point about federal officer removal statute. Obviously, the Supreme Court and this court have repeatedly said that it's to be interpreted liberally, and I think that needs to be kept in mind in all of this. And I mentioned the Gunkalvis case, and there's a couple other district courts that we cited that said, well, at least the proceeding should stay in federal court even if the rest of the case shouldn't. But here, of course, there's a whole other layer that wasn't present in Gunkalvis. We actually think and removed on the basis of federal question jurisdiction, and 1442D1 explicitly says, well, when that happens, you're supposed to remove the whole case if there's another basis. And so the raised view here is sort of, well, if you're in the situation that Blue Cross was, you have this Hobson's choice of either removing just the lien proceeding or removing the whole case, but you can't really do both because it's not really possible to remove at the same time both all of the case and a piece of the case. Unless your honors have any other questions, I want to turn now to the federal question issue under which the entire case is removable. And I think the issue here is pretty clear. And just to be up front, we readily concede that if we were here standing before you the day after Cruz was decided, we lose, end of story. But there are two important developments after Cruz that have to be considered when we analyze the boil, the two-part boil test about whether or not there's a uniquely federal interest and whether or not there's a conflict between that interest and the operation of state law. And one is the Neville's decision, which we admit is not a jurisdictional decision, but it does talk about the distinct federal interest, and it focuses in particular on the notion that these recoveries, which the court notes were in the magnitude of more than $100 million in one year, 10 years ago. So they are quite enormous. But because those are newer to the federal government, How does Neville's really help you, though? Because we just reaffirmed that 1331, not the statute here, doesn't confer jurisdiction. Well, because of Cruz? I don't know how Neville's helps you. It seems like it doesn't require anything different than Cruz. Well, I agree with you. I don't think it requires it, but I think it's relevant because it does talk about the importance of the federal interest, and Cruz, the court said, well, the federal interest is uniformity in benefits, and the federal interest isn't really about reimbursement. But Neville's makes clear that there is a strong federal interest, the court says, in reimbursement because of these huge dollars that the United States Treasury recovers through actions like this that Blue Cross has undertaken. Would that holding, though, be contrary to the Supreme Court's opinion in Empire Health Choice? Absolutely not, Your Honor. In fact, the Tenth Circuit in Helfridge held that Empire supported the application of federal common law in a similar reimbursement dispute, and the district court here specifically said Empire doesn't foreclose our argument. But I want to address one other much more important factor with respect to Cruz, and that is in 2015, well after Cruz, the federal government, the Office of Personnel Management, promulgated a regulation that expressly states Blue Cross's lien takes priority, and you simply cannot reconcile that regulation with the Illinois Common Fund Doctrine. And even if there was no conflict with state law and a federal interest before that regulation, there certainly is after because the policy in that regulation simply cannot be squared with the state law. Thank you. Mr. Ford? Good morning. Good morning. Respect to jurors, counsel. Your Honor, the Empire case and the Cruz case do not confer federal court jurisdiction. There are really two Supreme Court rulings, Empire and the remand of the Cruz case to the Seventh Circuit, to comply with Empire. Those cases are very close to being on point. One thing I want to point out in the Empire case is the court makes a specific notation that the insurance, the United States, didn't choose to participate. They have a subrogation interest, in which case they can come in and participate in the lawsuit, but they chose not to. And that's the same thing here. They had a choice to participate, chose not to, and rather. But that's not what usually happens. I don't know that you want to encourage insurance companies with those interests to start coming into cases early. I'm not sure that's the point. That should be taken away from that. Thank you, Your Honor. You know, I understand, and really it goes to the equitable issues that the Illinois courts find. You know, each state has a different approach to the common fund doctrine, as we saw in Neville's. Neville's won it, and there's a distinction in Neville's. In Neville's, the Neville's case was a statute that says the United States doesn't get to recover anything, as opposed to here, where after six or seven years of trial preparation, we finally get to a point five days away from trial. One of the defendants wants to get out. And I'm going to hand the United States a check. I'm not going to fight them. I just want to follow the Illinois common fund. For doing no work, I want to hand them a check. And instead they removed not just the claim on reimbursement here. They removed the entire case to the federal court. Can you shed any light on why the district court didn't address the federal officer removal? You know, that's what the defense says, but I disagree with that interpretation. Your Honor, if we look at it, and I'm going to pull that opinion out because I don't want to misquote it. What happened in the case in the briefing is they removed the entire case based on federal officer jurisdiction. And we, in our response, said you cannot do that. The Seventh Circuit case in Hammers says you can only, you can't remove, it's not an independent cause to remove the entire case. And Blue Cross in their reply said, we agree with you, plaintiff. We agree that we don't have that right. And the court recognized that if you, I think it's on the last page, Your Honor, of the opinion. It says in its opposition to remand, Blue Cross Blue Shield Association agreed with the raise that under 28 U.S.C. 1442 D1, only the motion for adjudication, and not the entire case could be removed to federal court unless there's a separate basis of removal. There, Blue Cross Blue Shield hung its hat on federal court jurisdiction. So the district. That sounds like though the district court was saying that they argued federal question jurisdiction, but they didn't argue federal officer. What the court is saying. You can't waive jurisdiction. I understand that, Your Honor. But we have to recall, we have to go back to what actually happened here. They removed the entire case. Right. Okay. And you can't remove the entire case under federal officer jurisdiction standing alone. I'm with you. Okay. In this case, respectfully, Your Honor, we have two Supreme Court cases and a Seventh Circuit case directly on point. There was never an issue. It really is never an issue about federal court jurisdiction. In the Empire case, the Supreme Court invited Congress to, if they want to make this jurisdictional, we invite you to make that, to make a public act. 18, 20 years have passed. Congress never acted on that issue. Are you saying that the federal officer removal doesn't exist or is not a basis for federal jurisdiction? I'm with you like halfway there, but then I lose you on the argument why the district court should not hold on to the determination of whether federal officer, you know, federal officer doctrine under federal officer removal applies. The issue, well, they, in other words, if hypothetically, Your Honor, what they did was removed singularly that issue, then that might be a different case. Why? Because let's say they remove the whole case. Why can the district court just not remand the portion of the case that should not be in federal court but required to maintain the portion of the case that should be in federal court? Well, Your Honor, I've been dancing around courtrooms in this state for 44 years, so I wouldn't ever say that a judge or an appellate court couldn't do something. Well, there's a lot we can't do. But, you know, Your Honor, respectfully, that would entail sort of an equitable remedy. If you're going to remove it. Counsel, the Supreme Court's reminded us that we can always look for fees if something's removed, and that's not appropriate. But here, there are two questions. Are we removing under federal officer removal the motion for adjudication, and are we removing the entire case under federal question? Even if you're right that the federal question just has no merit, I'm not sure I'd go that far, but just assume you're right, okay? Right. Yes, sir. There's the second question about what do you do with the motion for adjudication. And in the briefing below, Blue Cross mentions the motion for adjudication. On the order that you just read from, which I believe is the one from the motion for reconsideration, That's correct, Your Honor. very thorough analysis under the Boyle factors. In that last paragraph, it mentions the motion for adjudication, but the conclusion isn't, so we're going to keep the motion for adjudication. The rest of it goes back, maybe even, hey, Blue Cross, we're going to have some briefing on whether you owe fees for trying to bring the whole case up here, but we're also going to address the motion for adjudication. Why wouldn't that be appropriate? Okay. Very good. So what I then want to address, then, Your Honor, is the next part of my argument, as to whether or not there's an appropriate federal officer jurisdiction here. I think before you get that, we're trying to understand. The district court said, essentially, you can't remove all of the case under federal officer, but there was never an analysis of why can't you just remove the motion for adjudication, which is what the issue on appeal is, and it just seems strange that even how thorough the court is, that wasn't addressed. That is an issue on appeal, Your Honor, and that's why, as Your Honor recalls from my brief, I talked about judicial admissions and the concept of, sorry. I don't, if your argument is, which I think part of it may be that, well, they tried to remove everything, so we don't get to address the motion for adjudication only, I don't think that's a winner because their notice of removal specifically refers to the motion for adjudication multiple times as what they're trying to remove. They removed, Your Honor, the entire case, and in their notice of removal, they didn't note that they were removing only the motion for adjudication. Do you concede under federal officer removal that they could have just removed the motion for adjudication? I mean, they can always remove it, Your Honor. Whether it's an appropriate removal or not is another issue. That's my question. Yeah, I mean, certainly. Do you concede that we would have jurisdiction over the motion for adjudication under the federal officer removal statute? Actually, I don't, Your Honor. Why not? Because it is. Focus your argument on whether or not we have jurisdiction on just the motion for adjudication. Okay. Respectfully, Your Honor, the issue that was before the district court was whether it was appropriate to remove the entire case. Because that's what was done here. If you could please focus your argument on the motion for adjudication and whether or not we have jurisdiction under the federal officer removal statute for the motion for adjudication only. You know, the Watson case, Supreme Court case in Watson, takes a long time in discussing really what the federal officer removal act is for. It talks about and really goes through a history of why it came about. And the idea was that we don't want the states interfering with federal government enforcement laws. And here, we don't have any interference. Are you saying it doesn't apply, that the statute doesn't apply, and therefore it's not a basis for removal? I'm sorry, Your Honor. I don't understand. Well, I'm not sure where you're going with this. I mean, in response to Judge St. Eve's, I don't think you're answering Judge St. Eve's question. I'm sorry. I thought I was. I'm very interested in the answer to that question, too. Okay. I don't think that there was ever a conflict between the Illinois Common Law Fund. So what does that mean, though, as to jurisdiction? I think in order to have jurisdiction to properly remove under the – if hypothetically what they did was remove just the motion for adjudication, then the question is would I fight it? At that point, in that hypothetical case, I would because it makes the assumption that the state court can't handle. Well, that's not a requirement to remove under the statute. There's the four elements that have been identified. Nothing says the state court can't handle it. I mean, state courts are entirely competent to handle Title VII cases. I can guarantee you they can handle employment cases, but they're brought in federal court because that's what the law allows. And, I mean, state judges are perfectly equipped, no doubt in my mind, to apply the federal removal statute. They can apply the statute. There's no doubt about that. But the law says federal courts have jurisdiction, and the law also says when federal courts have jurisdiction, they must exercise that jurisdiction if the case is in federal court. We can't remand stuff just because we don't like it. We would remand a lot. I understand, Your Honor. There's a couple of issues that arise here. One is the Supreme Court has many years said we have to recognize the state's rights, and then the question is do you want to expand jurisdiction for everyone? Well, this particular statute is to be liberally construed, and our case law makes clear there are four elements you have to meet in order to do that, and competency of the state court is not one of them. Yes, give me a second. I've got a tag, Your Honor, because I anticipated it. We laid them out in Betzner v. Boeing and many other cases. And so the question is whether or not, and I think that's what I was trying to get at in Watson. Watson talks about the people protected are those who are enforcing the law. There is really no enforcement of the law here. Which of the four elements that we've identified are relevant to this removal are you arguing can't be met? Well, it's actually one and two. It's a person within a meaningless statute and is acting under the United States, its agencies, or its officers. And I think that gets back to my point originally in Empire, and maybe I didn't make it clear enough. But Empire deals with the federal common law issue, not the federal officer. The one comment in Empire that I find important in this regard is Empire talks about the United States had notice of this action and chose not to participate. They chose not to act. In the federal officer removal statute, the removing party must show it's a person within the meaningless statute and is acting under the United States, its agencies, or its officers. Just as in Empire, in this case, the United States had knowledge of this action and chose not to act. They could have participated at any time. I would have loved to have shared the expenses in this case and maybe some of the legal work. They chose not to act. They decided to rely on my work, my money, and expenses. And so I don't think there was a federal officer acting in this case. Okay. Thank you, Mr. Ford. Thank you. Mr. Feinberg. Thank you, Your Honors. Just a couple points briefly. I think the Court is well aware of what the test is for federal officer removal, so I won't go into that. The first factor, person, I think it's quite clear corporations count, and many courts have said that, including McAuliffe and Jackson and others. And the acting under two, thoroughly addressed in Jackson and other cases that we cite, so there's really no possible argument there. Mr. Ford mentioned the Watson case, which has really no bearing on this whatsoever. Watson involved a tobacco company that was a regulated entity, as many people in the public are, or companies in the public are. It had nothing to do with somebody who, like Blue Cross, contracts with the federal government to operate a federal treasury account and administer a federal benefits program. And Mr. Ford also said that there's no conflict with the Illinois Common Fund Doctrine, and Judge St. Eve, you mentioned that that's not a factor, which is right. I want to point out that in any event, because this is relevant to the federal common law issue, there is a conflict. There's an enormous conflict that started in 2015 because the Common Fund Doctrine says a lawyer has a right to the settlement fund. And the federal regulation that OPM promulgated says any subrogation recovery on the part of a FEHB carrier shall be effectuated against the recovery first before the rights of any other parties are effectuated. And the only other point I want to make, Your Honors, is why the district court didn't address federal officer removal, and I suspect the reason is because the plaintiffs really didn't raise it. They never contested it. Their motion for reconsideration doesn't mention it at all, and it's barely mentioned in their motion to remand. Thank you, Mr. Feinberg. Thanks to both counsel. The court will take the case under advisement. The next course, case up this morning for oral argument.